IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

Docket No.

11-1484

---

**KARMON R. SHAYA and SAMIRA MANSOR**

*Plaintiffs-Appellants*

**v.**

**COUNTRYWIDE HOME LOANS, INC.**

*Defendant-Appellee*

---

On Appeal from the United States District Court
for the Eastern District of Michigan, Southern Division
Case No. 11-1484

---

**COUNTRYWIDE HOME LOANS, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
STAY OR INJUNCTION PENDING APPEAL**

Brian C. Summerfield
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, Michigan  48084
(248) 743-6000
Attorneys for Appellee Countrywide Home
Loans, Inc.

August 19, 2011

## GROUNDS FOR DENIAL OF PLAINTIFFS'
## MOTION FOR STAY OR INJUNCTION PENDING APPEAL

The Court should deny the plaintiffs' motion for several reasons. First, the motion seeks relief solely against nonparty Fannie Mae because defendant Countrywide Home Loans, Inc. ("Countrywide") is not the party evicting plaintiffs. Second, the injunction of state court proceedings that plaintiffs are seeking is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Third, plaintiffs cannot show that they are entitled to injunctive relief.

## ARGUMENT

### A.    Plaintiffs' Motion Seeks Relief Against A Nonparty

On April 12, 2004, plaintiff Mansor obtained a mortgage loan from Countrywide and granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") and its successors and assigns (solely as nominee for Countrywide and its successors and assigns). In 2007, plaintiff Shaya was added to the title of the property and became personally liable for the note when she entered into a simple assumption agreement. In 2009, plaintiffs defaulted on the loan and foreclosure proceedings commenced. On September 24, 2010, the Property was purchased at Sheriff's sale by BAC Home Loans Servicing, LP ("BAC"). BAC quitclaimed the Property to Federal National Mortgage Association ("Fannie Mae"). The redemption period expired on March 24, 2011. Plaintiffs' never redeemed.

Troy_626397_1

Fannie Mae brought an action against plaintiffs in the State of Michigan Judicial District Court ("State Court") to recover possession of the property. The State Court entered a **consent judgment** under which the plaintiffs agreed that Fannie Mae was entitled to possession of the Property. Doc. No. 006111041604, Consent Judgment. Upon information and belief, plaintiffs did not appeal the State Court decision to the State of Michigan Circuit Court by August 11, 2011, although they were authorized to appeal as a matter of right under MCR 4.201(N).

In their motion, plaintiffs allege that "Defendants/Appellees have obtained an order for possession of the premises in State District Court." This allegation is false. Fannie Mae sought and obtained a judgment entitling it to possession of the Property. Fannie Mae was not a party to the action dismissed by the district court below, and is not a party in this appeal. Indeed, nowhere in any pleadings filed by plaintiffs in the district court or with this Court is Fannie Mae even mentioned. Accordingly, plaintiffs' motion should be denied because it seeks relief solely against nonparty Fannie Mae.

**B.    Injunctive Relief From State Court Proceedings Is Prohibited Under The Anti-Injunction Act**

"The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the granting of injunctions to stay state court proceedings, including mortgage foreclosure actions." *Nixon v. Individual Head of St. Joseph Mortgage Co.*, Inc., 612 F.Supp. 253, 255 (N.D.Ind.1985) (citing *Ungar v. Mandell*, 471 F.2d 1163 (2d Cir.1972); *First National Bank & Trust Co. of Racine v. Village of Skokie*, 173 F.2d 1 (7th

2

Cir.1949)); *Cragin v. Comerica Mortgage Co.*, No. 94-2246, 1995 WL 626292, at
* 1 (6th Cir. Oct.24, 1995) (holding that the Anti-Injunction Act "generally
precludes federal injunctions that would stay pending foreclosure proceedings in
the state courts"). Because plaintiffs are seeking to enjoin execution of the state
court judgment, the Anti-Injunction Act should prohibit such injunction and the
plaintiffs' motion should be denied.

**C.    Plaintiffs Have Failed To Show That They Are Entitled To Injunctive
Relief**

Even if the Court could grant the requested injunction, plaintiffs have failed
to show that they are entitled to injunctive relief. Injunctive relief is an
extraordinary remedy. *See Gunn v. University Comm. to End War in Vietnam*, 399
U.S. 383, 389 (1970) ("an injunctive order is an extraordinary writ, enforceable by
the power of contempt"). In determining whether to issue an injunction, courts are
to consider four factors: "(1) the plaintiff's likelihood of success on the merits; (2)
whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether
granting the injunction will cause substantial harm to others; and (4) the impact of
an injunction upon the public interest." *Dixie Fuel Co. v. Commissioner of Social
Security*, 171 F.3d 1052, 1059-1060 (6th Cir. 1990). *See also Barden Detroit
Casino, L.L.C. v. Detroit*, 59 F. Supp. 2d 641, 656-657 (E.D. Mich. 1999). "None
of these factors, standing alone, is a prerequisite to relief; rather, the court should
balance them." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir.
1998) (quoting *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996)).

Troy_626397_1

Plaintiffs bear the burden of persuasion on all four factors. *See, e.g., Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (a preliminary injunction is a remedy that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion") (quoting, 11A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, §2948, pp. 129-130 (2d ed)); *Gaston Drugs, Inc. v. Metropolitan Life Insurance Co.*, 823 F.2d 984, 988 (6th Cir. 1987).

Before a court may issue an injunction, a plaintiff must demonstrate likelihood of success on the merits. A "mere possibility of success" is insufficient to warrant the issuance of an injunction. *Ramik v. Darling Intern., Inc.*, 161 F. Supp. 2d 772 (E.D. Mich. 2001). Plaintiff must demonstrate that he has a strong or substantial likelihood of success on the merits of its claims. *See Frisch's Restaurant v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Injunctions are intended to forestall future violations of one's established legal rights. *See Gawloski v. Dallman*, 803 F. Supp. 103, 108 (S.D. Ohio 1992). As set forth in Countrywide's appellee brief plaintiff cannot prevail on their appeal of the district court's decision to grant Countrywide's motion to dismiss.

Moreover, issuing injunctive relief to plaintiff would not be in the public's interest. The public has no interest in allowing plaintiffs to extend the life of an agreement that plaintiffs breached and that, consequently, was properly foreclosed by the mortgagee. *See McCain v. Wells Fargo Home Loans, Inc.*, No. 07-13831, 2007 WL 4966744 at *2 (E.D. Mich. Oct. 22, 2007). More importantly, there is no

4

reason to ignore the terms of a judgment to which plaintiffs freely agreed.     *See*
MCR 2.507(G) ("[a] consent between the parties or their attorneys respecting the
proceedings in an action, subsequently denied by either party, is not binding unless
. . . evidence of the agreement is in writing, subscribed by the party against whom
the agreement is offered or by that party's attorney." MCR 2.507(G). Here, the
consent judgment provided that Fannie Mae was entitled to possession of the
property; that a writ of restitution would not be issued until on or after September
15, 2011; that plaintiffs could appeal the consent judgment no later than August 11,
2011; and was signed by plaintiffs' attorney. Accordingly, plaintiffs are bound by
the terms of the consent judgment and there is no reason for the Court to ignore its
terms and enjoin the eviction.

## CONCLUSION

Plaintiffs' pending motion and their appeal of the district court's decision
granting defendant's motion to dismiss are nothing but frivolous attempts to delay
eviction. Indeed, not only is the relief plaintiffs are requesting not available from
the Court, they consented to entry of the order granting nonparty Fannie Mae
possession of the property and have utterly failed to show that they are entitled to
injunctive relief. For these reasons, Countrywide respectfully requests that the
Court deny plaintiffs' motion, summarily affirm the district court's decision, and
award such other relief as the Court deems appropriate.

BODMAN PLC


By: ../s/ Brian C. Summerfield

      Brian C. Summerfield (P57514)
201 West Big Beaver, Suite 500
Troy, Michigan 48084
(248) 743-6075
bsummerfield@bodmanlaw.com
Attorneys for Defendant-Appellee
Countrywide Home Loans, Inc.

## CERTIFICATE SERVICE

I hereby certify that on August 19, 2011, I electronically filed and served the

foregoing papers using the ECF System,


      /s/ Brian C. Summerfield
      Brian C. Summerfield (P57514)
      BODMAN PLC
      201 West Big Beaver Road, Suite 500
      Troy, Michigan  48084
      (248) 743-6000
      (248) 743-6002
      bsummerfield@bodmanlaw.com
      Attorneys for Defendant-Appellee
      Countrywide Home Loans, Inc.